

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,482-01

### EX PARTE TERESA LYNN GRINSTEAD, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. F44452-A IN THE 413TH DISTRICT COURT FROM JOHNSON COUNTY

*Per curiam*.  YEARY, J. filed a dissenting opinion.

### O P I N I O N

Applicant originally pleaded guilty to two counts of obtaining a controlled substance by fraud in exchange for ten years' community supervision.  Her community supervision was later revoked and she was sentenced to two years' imprisonment for each count, to run concurrently.  She did not appeal her conviction.  Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court.  *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that the trial court lacked jurisdiction to revoke her community supervision.  Both counts of the indictment to which Applicant pleaded guilty were believed by the parties to be third degree felonies.  However, the offense as charged in Count 2 of the indictment should have been a second degree felony under Section 481.129(d)(1) of the Texas

Health and Safety Code because the substance Applicant was charged with attempting to obtain in that count was Hydrocodone, a Schedule II substance under 21 CFR 1308.12(b)(1).

Unbeknownst to all of the parties at the time of Applicant's plea, the maximum period of community supervision authorized for a third degree felony under the Texas Health and Safety Code is five years (*see* former TEX. CODE CRIM. PROC. art 42.12 §3(b)(2)(B)(2010); now TEX. CODE CRIM. PROC. art. 42A.053 § (d)(2)(B)(ii)). Therefore, Applicant's ten-year community supervision was unauthorized as to Count 1 of the indictment. Because the State alleged that Applicant violated the conditions of her community supervision more than five years after she had been placed on community supervision, Applicant alleges that the trial court lost jurisdiction to revoke her community supervision, and that the revocation and resulting sentences were therefore void.

This Court recently addressed the same issue in *Ex parte Lozoya*, 666 S.W.3d 618 (Tex. Crim. App. 2023). In *Lozoya*, the applicant was also placed on community supervision for ten years for a third degree felony under the Texas Health and Safety Code, even though the maximum period authorized by statute was five years. The applicant's period of supervision was never lawfully extended, and the State did not file a motion to revoke until more than five years had elapsed. This Court held that under these circumstances, the trial court acted without jurisdiction when it purported to enter an order revoking the applicant's community supervision and sentencing him to imprisonment. *Id*. at 626.

For the same reasons set out in *Ex parte Lozoya*, this Court finds that Applicant is entitled to relief as to her conviction in Count 1 only. Because the offense to which Applicant pleaded guilty in Count 2 was in fact a second degree felony, her ten-year period of community supervision was not unauthorized and the trial court retained jurisdiction to revoke her community supervision as to that

count.  The judgment revoking community supervision in Count 1 of cause number F44452 in the 413th District Court of Johnson County is set aside.  Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: September 13, 2023
Do not publish